### MOHR *v.* DORSCHEL *et al.*

(*Supreme Court, General Term, First Department.* June 19, 1888.)

APPEAL—TIME OF TAKING—SERVICE OF JUDGMENT.

Under Code Civil Proc. N. Y. § 1351, providing that appeals to the general term must be taken within 30 days after service upon the attorney for the appellant of a copy of the judgment appealed from, and a written notice of the entry thereof, a written admission of "due and timely service of a copy of the within judgment and notice of entry" by the attorney for appellant, over his signature, estops appellant from claiming any irregularity in the mode of service, or the contents of the notice.

Appeal from special term, New York county; CHARLES DONOHUE, Justice.

Action to foreclose a mortgage by Conrad Mohr against John Dorschel and William M. Lyddy, as guardian *ad litem* for Annie Dorschel. Plaintiff appeals from an order denying his motion to compel defendants to receive and accept notice of appeal to the general term.

Argued before VAN BRUNT, P. J., and BARTLETT and MACOMBER, JJ.

*Hays & Greenbaum,* for appellant. *Dennis A. Spellissy,* for respondent.

MACOMBER, J. The appellant's counsel claims, first, that the time for his appeal had not begun to run, because the respondent had not, with a copy of the judgment, served upon him a written notice of the entry thereof, under section 1351 of the Code, and that the respondent did not conform to rule 2 of the general rules of practice, because, in the notice which he served, his office address or place of business was not given. Inspection of the case, however, shows that the appellant is estopped to raise either of these questions. It is

true, the respondent's notice was that the judgment, a copy of which he served, had been duly filed, instead of entered, in the office of the county clerk. When the judgment of dismissal of the complaint was served, the appellant's attorney admitted in writing, over his signature, "due and timely service of a copy of the within judgment and notice of entry." Upon the judgment for costs being served, the appellant's attorney submitted due and timely service of a copy of that paper also. The appellant, having thus admitted due and timely service of the papers and of the entry of the judgment dismissing the complaint, cannot be heard afterwards to claim that there was any irregularity in the mode of service or in the contents of the notices. Moreover, a notice of the filing with the clerk of a judgment, accompanying the service of a judgment upon the defeated party, is tantamount to a notice of the entry of the judgment. An attorney can do no more than to file with the clerk the papers in the action, and the law immediately makes it the duty of the clerk, if the paper be a judgment, to enter it in the proper book provided for that purpose. It follows that the order should be affirmed, with costs and disbursements.

VAN BRUNT, P. J., and BARTLETT, J., concur.